Porter, Fishback & Co. v. Peck, 204 Ill. App. 211.

2. DIVORCE, § 64*—*when defendant estopped from questioning jurisdictional validity of alimony decree.* Where a defendant in a suit for divorce in which a decree for divorce was entered on service by publication was at a subsequent term served with process, on a petition for alimony, and after a decree awarding alimony entered his appearance and secured a reduction thereof, *held* that he would be estopped from disputing the jurisdictional validity of such alimony decree.

---

**Porter, Fishback & Company, Appellee, v. Ralph L. Peck, Appellant.**

**Gen. No. 22,655.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 19, 1917. Rehearing denied March 5, 1917.

**Statement of the Case.**

Action by Porter, Fishback and Company, plaintiff, against Ralph L. Peck, defendant, to recover for rent and other charges due under a written lease. From a judgment for plaintiff for $841.70, defendant appeals.

Plaintiff's statement of claim was for $1,044.22 alleged to be due. Defendant claimed in his affidavit of defense procurement of the lease by fraud and false representations and payment of rent claimed as due, and in an amended statement of set-off $757.52 for moneys advanced and $975 for legal services performed for plaintiff.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Rupert J. Barry, for appellant.

Iles, O'Connor, Eberhardt & Kesler, for appellee.

Mr. Justice Holdom delivered the opinion of the court.

### Abstract of the Decision.

1. Landlord and tenant, § 311*—what is not proper claim of set-off in action for rent. A claim of set-off for moneys advanced and legal services performed presents no triable issue in an action for rent due under a written lease as a claim arising out of the contract sued on or as a claim resting in liquidated damages, and should on motion be stricken from the files.

2. Pleading, § 152*—what need not be included in affidavit of merits. Where a claim of set-off presented no triable issue and might on motion have been stricken from the files, held that the plaintiff would be entitled to contest such set-off on such ground, notwithstanding he had not in his affidavit of merits thereto raised the question.

---

H. H. Evans et al., Illinois Surety Company and James S. Hopkins, Receiver of Illinois Surety Company, Appellants, v. Rufus M. Potts, Superintendent of Insurance of State of Illinois, Appellee.

### Gen. No. 22,664.

Appeal and error, § 275*—when interlocutory order is not appealable. The right to an appeal is strictly statutory, and an interlocutory order granting the prayer of the State Superintendent of Insurance to intervene in a suit by the stockholders of an insurance company to enjoin the company from further prosecuting its business, the appointment of a receiver, etc., is not appealable, either under section 123, ch. 110, Hurd's Rev. St. (J. & A. ¶ 8661),

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.